United States Courts
Southern District of Texas
FILED
*January 12, 2026*
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBBIE DOW GOODMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00166 |
| | § | |
| LORIE DAVIS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MEMORANDUM AND RECOMMENDATION

To enforce a final judgment previously obtained in this action, Plaintiff Raymond Cobb filed a construed motion for civil contempt (D.E. 355, 356 & 360). Now pending before the Court is Defendants' motion to dismiss (D.E. 363) and Plaintiff's "Motion in Opposition" (D.E. 365). On July 16, 2025, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R), recommending that the Court deny Defendants' motion to dismiss and order Defendants to file an answer. D.E. 366. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Plaintiff did not file any objections, and Defendants timely filed their objections on July 30, 2025. D.E. 368.

After review, the Court **OVERRULES** Defendant's objections (D.E. 368) and **ADOPTS** the M&R in its entirety (D.E. 366). Accordingly, the Court **DENIES**

1 / 9

Defendant's motion to dismiss (D.E. 363) and **ORDERS** Defendants to file an answer to Plaintiff's contempt motion.

## BACKGROUND

This matter originated as a lawsuit by several prisoners against officials at the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID). The prisoners challenged the male grooming policy of TDCJ-CID, alleging it violated their religious freedoms protected under the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* 42 U.S.C. § 2000-cc-1.  On February 26, 2019, following a bench trial, this Court entered an injunction to prevent TDCJ-CID from enforcing its grooming policy against the plaintiffs. *See* D.E. 322, 325.

Plaintiff Raymond Cobb alleges that, after a transfer to a prison unit located in the Northern District of Texas, Defendants violated the injunction by making him cut his hair. Plaintiff filed a new action in the Northern District with other complaints and included the violation of this Court's injunction. The Northern District Court severed the claims concerning the violation of the prior injunction and transferred them to this Court for consideration. D.E. 357, p. 3. The Magistrate Judge construed Plaintiff's complaint as a motion for civil contempt. *See* D.E. 366, p. 2.

## STANDARD OF REVIEW

A district court must review de novo any portions of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient

particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.*; *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."); *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review not invoked when petitioner merely re-urges arguments contained in original petition).

Similarly, an objection is not valid if it raises a new argument not presented to the magistrate judge. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[T]his court considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation."). As to any portion of the magistrate judge's disposition for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Defendants' theory of this case is that (a) from a liability standpoint, the complaint is moot, (b) the only appropriate equitable relief has already been granted, and (c) Plaintiff is not entitled to any category of damages (due to mootness or other issues). The Magistrate Judge concluded that mootness was a question of fact for later determination. D.E. 366, p. 8 (whether the order to cut hair was a one-off for the district court to decide).

### A. Mootness

While not framed in terms of an objection, Defendants contend that Plaintiff has conceded mootness because no additional order to cut his hair has been issued since 2022. D.E. 363, p. 14 (asserting mootness in the context of coercive damages); D.E. 368, p. 8. This Court cannot agree. It appears that the haircut order was issued following Plaintiff's transfer to another prison unit with new personnel inadequately prepared for Plaintiff's exemption from the grooming policy. Nothing ensures that Plaintiff will not be transferred again and encounter equally unprepared personnel at the new facility. And nothing ensures that the same mistake will not happen at his current facility. Mootness in this context cannot be determined only by the passing of time, but must take into consideration these other issues. Therefore, to the extent that Defendants contend that this matter is moot, their objection is unsupported and is **OVERRULED**.

### B. Injunctive and Declaratory Relief

All of Defendants' remaining objections to the M&R revolve around their contention that "[t]he Magistrate Judge declined to resolve Defendants' arguments regarding the unavailability of money damages in this civil contempt case . . . ." *See* D.E. 368, p. 9. They argue that the Magistrate Judge erred by failing to address whether Plaintiff was entitled to money damages as a matter of law. *Id.*

Defendants' argument appears to be that Plaintiff has no possible relief available for his claim, and therefore the Court should grant dismissal. Reasoning by analogy to the Rule

12(b)(6) dismissal standard,[1] Defendants would have to show that Plaintiff has no avenue to recover relief for his claims that Defendants violated an order from this Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (centering the dismissal standard under Rule 12(b)(6) around the plaintiff's "entitlement to relief." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). If there is an avenue for recovery of relief, then dismissal is improper.[2]

While not clear in their motion, Defendants now argue that Plaintiff is not entitled to equitable relief—an injunction or declaratory judgment—because the entire issue is moot. That is not only because no additional haircut orders have been issued (as addressed above), but because Plaintiff already has a permanent injunction in place. D.E. 363, pp. 6-7, 14 (reciting the permanent injunction but not arguing its effect on remedies); D.E. 368, p. 7 ("to the extent that equitable relief is a proper remedy for civil contempt, any injunction would be moot because Cobb already received a permanent injunction . . . ."). They also argue that declaratory relief is inappropriate if issued only as a predicate to awarding damages, which is addressed below.

Plaintiff alleges that Defendants did not sufficiently communicate the existence or import of his permanent injunction, particularly as it should follow him from facility to

---

[1] A motion to dismiss a contempt proceeding is not necessarily strictly governed by Rule 12. This proceeding stems from the Court's "inherent authority to enforce [its] own injunctive decrees." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir.1985)). As such, the Court decides which sanctions to impose.

[2] Contrary to Defendants' contention, Plaintiff has not made a separate claim for money damages that is subject to individual dismissal. *See* D.E. 368, p. 7 n. 3 (citing *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)). In contempt proceedings, the court determines which sanctions are necessary to "vindicate the authority of the court" or compensate the injured party. *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009).

facility. This opens the door to the need for additional injunctive relief, supplemental to the order to exempt Plaintiff from the hair policy, to ensure that proper communication takes place within and among the TDCJ facilities. Because Defendants have not addressed this directly, they have not excluded equitable relief as appropriate in this case. To the extent that Defendants argue that the lack of additional haircut orders or the existing permanent injunction renders any additional injunctive or declaratory relief moot, the objections are **OVERRULED**.

### C. Money Damages

**Punitive Damages.** Defendants argue that "[Plaintiff] is not entitled to punitive contempt damages in a civil contempt case, and his requested relief of at least $100,000 'is neither coercive nor compensatory; it is punitive.'" D.E. 368, p. 8 (quoting *Nat'l Mar. Union v. Aquaslide 'N' Dive Corp.*, 737 F.2d 1395, 1400 (5th Cir. 1984)).[3] The Court declines to treat the pleading of a particular amount of the damages as dispositive of the category of those damages. Because compensatory damages could fall within the amount pled, the pleading does not defeat the contempt action.

While Plaintiff pled punitive damages, he did so in the context of a § 1983 action alleging more than the contempt issues severed and transferred here. It is not clear whether he intended his claim for punitive damages to be associated with the contempt issues. However, the Court's current construction of the motion as one for civil contempt is not a

---

[3] The case cited by Defendants here merely explains the inherently punitive nature of criminal contempt actions. *See Nat'l Mar. Union v. Aquaslide "N" Dive Corp.*, 737 F.2d 1395, 1400 (5th Cir. 1984). It is not instructive regarding whether punitive damages were pled or are available in this case. *See id.* (explaining that civil contempt proceedings must end when the underlying injunction is invalidated, but that criminal contempt proceedings can survive).

final decision.[4] *See* Fed. R. Civ. P. 54(b). And Defendants have not asserted any reason that they are not subject to criminal contempt sanctions.[5]

Therefore, the Court rejects Defendants' arguments that punitive damages are foreclosed or that the pleading of the amount requires treating the requested damages as punitive. The objections concerning punitive damages are thus **OVERRULED**.

**Compensatory Damages.** Defendants also assert that "Cobb cannot artfully recast a barred claim for compensatory damages under RLUIPA into a claim for compensatory contempt damages." D.E. 368, p. 9. They cite a rule under Texas law preventing recasting of a claim to "avoid the adverse effect of a statute." *Rodriguez v. Safeco Ins. Co. of Ind.*, No. SA-18-CV-00851-OLG, 2019 WL 650437, at *5 (W.D. Tex. Jan. 7, 2019) (quoting *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 526 (Tex. App.—Houston [14th Dist.] 1998, no pet.)).

Even if Texas law were applicable here, this case is not an example of recasting. Civil contempt actions arise out of the inherent authority of the district courts when a party violates a court order. *See Travelhost, Inc.*, 68 F.3d at 961 (citing *Waffenschmidt*, 763 F.2d

---

[4] The Court agrees that punitive damages are foreclosed as a civil contempt remedy. *M. D. by Stukenberg v. Abbott*, 119 F.4th 373, 379 (5th Cir. 2024), *cert. denied sub nom. M. D. v. Abbott*, No. 24-1168, 2025 WL 2823747 (U.S. Oct. 6, 2025) (quoting *M. D. by Stukenberg v. Abbott*, No. 24-40248, 2024 WL 2309123, at *2 (5th Cir. May 20, 2024)). However, as the Magistrate Judge stated, this Court is free to construe Cobb's motion as one for criminal contempt, or to impose criminal contempt sanctions, so long as the Court affords Defendants appropriate protections. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994) (explaining the protections afforded in criminal contempt proceedings).

[5] Among other protections, defendants facing potential criminal sanctions must be afforded "sufficient notice that the proceedings are of a criminal nature." *Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 F. Appx. 249, 256 (5th Cir. 2020). This Order thus serves as notice that the Court has not foreclosed the possibility of imposing sanctions that would be best characterized as criminal sanctions. *See id.* at 254 (discussing the difference between civil and criminal contempt sanctions).

at 716 (5th Cir.1985)). Defendants have not demonstrated that RLUIPA limitations apply to contempt proceedings. *See* D.E. 322, 325.

Having allegedly violated this Court's order, Defendants now face potential contempt sanctions that are not bound by the limitations on a RLUIPA claim. *See In re Bradley*, 588 F.3d 254, 265 (5th Cir. 2009) (citing *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir.1990) ("[F]ederal courts have inherent power to police themselves by civil contempt, imposition of fines, the awarding of costs and the shifting of fees.")); *Bagwell*, 512 U.S. at 831 ("Unlike most areas of law, where a legislature defines both the sanctionable conduct and the penalty to be imposed, civil contempt proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct.").

Without any authority that limits the Court's contempt powers by the law pertinent to the underlying judgment, Defendants' objection concerning compensatory damages is **OVERRULED**.

**Coercive Damages.** Defendants also argue that coercive damages are unavailable because "the compliance sought has been moot since January 5, 2022." D.E. 368, p. 8. But, as set out earlier, this matter is not moot. At this early stage, the Court is not satisfied that TDCJ-CID does not need to be coerced into abiding by the injunction in the future or that coercive damages are inappropriate. *See M. D. by Stukenberg*, 119 F.4th at 382-83 ("Determining whether a contempt fine is punitive dictates whether it violates state sovereign immunity. Both analyses collapse around the question of whether the

punishment's purpose is retrospective or instead aimed at coercing a change in future conduct."). In exercising the power to impose prospective relief, "federal courts are not reduced to issuing injunctions against state officers and hoping for compliance" *Hutto v. Finney*, 437 U.S. 678, 690 (1978). Coercion may be necessary in this case.

The Court need not decide whether coercive damages are foreclosed at this stage. Therefore, Defendants' objection to coercive damages is **OVERRULED**.

## CONCLUSION

Having reviewed the conclusions and recommendations set forth in the Magistrate Judge's M&R, as well as Defendants' objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Defendant's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 366). Accordingly, the Court **DENIES** Defendant's motion to dismiss (D.E. 363) and **ORDERS** Director Guerrero, Warden Smith, and Sergeant Rushing to answer Plaintiff's contempt motion, by admitting or denying the allegations contained therein, and to show cause for why they should not be held in contempt.

**ORDERED** on December 5, 2025.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE